UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| JAMES P. KENEFICK, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) No. 4:13CV694 TIA |
| | ) |
| FRANCIS HOWELL SCHOOL DISTRICT, et al., | ) |
| | ) |
| Defendants. | ) |

## MEMORANDUM AND ORDER

This matter is before the Court on Plaintiff's Motion for Appointment of Counsel (ECF No. 3). The parties consented to the jurisdiction of the undersigned pursuant to 28 U.S.C. § 636(c).

Plaintiff filed an Employment Discrimination Complaint on April 10, 2013, claiming discrimination based on Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. §§ 2000e, *et seq.,* the Age Discrimination in Employment Act of 1967, as amended, 29 U.S.C. §§ 621, *et seq.,* and the American with Disabilities Act of 1990, as amended, 42 U.S.C. §§ 12101, *et seq.* He filed the present Motion for Appointment of Counsel on that same date, alleging that he was unable to pay attorney's fees or obtain legal counsel because of his poverty.

An indigent civil litigant has no constitutional or statutory right to a court-appointed attorney, and the court has broad discretion to grant a plaintiff's request for appointment of counsel. Rayes v. Johnson, 969 F.2d 700, 702 (8th Cir. 1992) (citation omitted). To determine whether both the plaintiff and the court will benefit from the appointment of counsel, the trial court "tak[es] into account the factual and legal complexity of the case, the presence or absence of conflicting

testimony, and the plaintiff's ability to investigate the facts and present his claim." Davis v. Scott, 94 F.3d 444, 447 (8th Cir. 1996) (citations omitted).

Upon thorough review of Plaintiff's Complaint, the claims do not appear to be factually or legally complex, and Plaintiff has been able to clearly articulate his grievances at this point in the litigation. Therefore, the Court finds that appointment of counsel is not warranted at this time.

However, the Court also notes that Defendants filed a Motion to Dismiss on June 25, 2013, to which Plaintiff has failed to respond. Although a *pro se* litigant, Plaintiff is still required to comply with the Federal Rules of Civil Procedure and the Local Rules of the United States District Court for the Eastern District of Missouri. See Soliman v. Johanns, 412 F.3d 920, 921 (8th Cir. 2005) ("Even pro se litigants must comply with court rules and directives."). Specifically, E.D. Mo. L.R. 4.01(B) provides: "[e]xcept as otherwise provided in these rules or by order of the Court, each party opposing a motion shall file, within seven (7) days after being served with the motion, a memorandum containing any relevant argument and citations to authorities on which the party relies." Because Plaintiff has not filed a timely response in opposition to Defendants' Motion to Dismiss, the Court will order Plaintiff to show cause for his failure to comply with deadlines contained in its local rules.

Accordingly,

**IT IS HEREBY ORDERED** that Plaintiff's Motion for Appointment of Counsel (ECF No. 3) is **DENIED**.

**IT IS FURTHER ORDERED** that Plaintiff shall show cause, in writing and no later than September 2, 2013, why he has failed to timely respond to Defendants' Motion to Dismiss in

compliance with E.D. Mo. L.R. 4.01. Failure to comply with this Order will result in dismissal of Plaintiff's claims under Rule 41(b) of the Federal Rules of Civil Procedure.

        /s/ Terry I. Adelman
UNITED STATES MAGISTRATE JUDGE

Dated this   19th   day of August, 2013.