UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| JAMES P. KENEFICK, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) No.  4:13CV694 TIA |
| | ) |
| FRANCIS HOWELL SCHOOL DISTRICT, et al., | ) |
| | ) |
| Defendants. | ) |

## MEMORANDUM AND ORDER

This matter is before the Court on Defendants' Motion to Dismiss (ECF No. 11).  The parties consented to the jurisdiction of the undersigned pursuant to 28 U.S.C. § 636(c).

## Background

Plaintiff was previously employed by the Francis Howell School District ("District").  Plaintiff contends that the District wrongfully terminated his employment, retaliated against him, subjected him to harassment, refused medical treatment, and defamed his character.  (Complaint ¶ 10, ECF No. 1)   He further claims that these actions constituted employment discrimination in violation of Title VII of the Civil Rights Act of 1964 ("Title VII"), as amended 42 U.S.C. §§ 2000e, *et seq.*, on the basis of race, color, religion, gender, or national origin; the Age Discrimination in Employment Act of 1967 ("ADEA"), as amended, 29 U.S.C.§§ 621, *et seq.*, on the basis of age; and the American with Disabilities Act of 1990 ("ADA"), as amended, 42 U.S.C. §§ 12101, *et seq*., on the basis of disability.  (Id. at  ¶ 1)

Plaintiff alleges that he called the office and left a message with a fellow employee, informing his employer that he was sick with the flu.  According to Plaintiff, his supervisor

refused to believe that Plaintiff placed the call and suspended Plaintiff as a result.  (Id. at p. 6)  Further, Plaintiff asserts that there was dishonesty over a lawn mower; that a supervisor stalked Plaintiff and a co-worker on several occasions; and that the supervisor accused Plaintiff of not following proper procedure in finding a substitute worker during Plaintiff's gallbladder surgery.  (Id. at p. 7)

In the Motion to Dismiss, Defendants argue that Plaintiff has failed to state a claim of employment discrimination based on a violation of Title VII, the ADEA, or the ADA.  Specifically, Defendants maintain that Plaintiff's Complaint contains no specific allegations stating that he was discriminated against on the basis of his race, color, religion, gender, or national origin.  Further, Defendants assert that the Complaint fails to make specific allegations that Plaintiff was discriminated against on the basis of his age or a disability.  Plaintiff failed to file a timely response to the motion to dismiss.  However, the Court ordered Plaintiff to show cause for his failure to file a timely response.  Defendant subsequently filed a response, indicating that he does not want his case dismissed and that Defendants have turned his world upside down and slandered him.  (ECF No. 18)

## Standard for Ruling on a Motion to Dismiss

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a).  Further, a complaint must be dismissed under Federal Rule 12(b)(6) for failure to state a claim upon which relief can be granted if the complaint fails to plead "enough facts to state a claim to relief that is plausible on its face." Bell Atlantic Corp. v. Twombly, 550 U.S. 554, 570 (2007) (abrogating the "no set of facts" standard set forth in Conley v. Gibson, 355 U.S. 41, 45-46 (1957)). While the Court cautioned that the holding does not require a heightened fact pleading of specifics, "a plaintiff's obligation to provide the

'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." Id. at 555.  In other words, "[f]actual allegations must be enough to raise a right to relief above the speculative level . . . ." Id.  This standard simply calls for enough facts to raise a reasonable expectation that discovery will reveal evidence of the claim.  Id. at 556.

Courts must liberally construe the complaint in the light most favorable to the plaintiff and accept the factual allegations as true.  See Id. at 555; see also Schaaf v. Residential Funding Corp., 517 F.3d 544, 549 (8th Cir. 2008) (stating that in a motion to dismiss, courts accept as true all factual allegations in the complaint); Eckert v. Titan Tire Corp., 514 F.3d 801, 806 (8th Cir. 2008) (explaining that courts should liberally construe the complaint in the light most favorable to the plaintiff).  Further a court should not dismiss the complaint simply because the court is doubtful that the plaintiff will be able to prove all of the necessary factual allegations. Twombly, 550 U.S. at 556.  However, "[w]here the allegations show on the face of the complaint there is some insuperable bar to relief, dismissal under Rule 12(b)(6) is appropriate." Benton v. Merrill Lynch & Co., 524 F.3d 866, 870 (8th Cir. 2008) (citation omitted).  Further, courts "'are not bound to accept as true a legal conclusion couched as a factual allegation.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Twombly, 550 U.S. at 555).  When considering a motion to dismiss, a court can "begin by identifying pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth." Id. at 679.  Legal conclusions must be supported by factual allegations to survive a motion to dismiss.  Id.

## Discussion

Defendants first argue that Plaintiff has failed to state a claim for employment discrimination based on race, color, religion, sex, or national origin.  The Court agrees.  Under

Title VII, it is unlawful for a an employer " . . . to discharge any individual, or otherwise to discriminate against any individual with respect to his compensation, terms, conditions, or privileges of employment, because of such individual's race, color, religion, sex, or national origin."  42 U.S.C. § 2000e-2(a)(1).  Although courts must liberally construe discrimination claims brought by pro se litigants, "there is a difference between liberally reading a claim which 'lacks specificity,' . . . and inventing, *ex nihilo*, a claim which simply was not made."  Shannon v. Ford Motor Co., 72 F.3d 678, 685 (8th Cir. 1996) (quoting Pickney v. Am. Dist. Tel. Co. of Arkansas, 568 F. Supp. 687, 690 (E.D. Ark. 1983)).

Here, Plaintiff has failed to indicate the basis for Defendants' alleged discrimination under Title VII.  The Complaint contains no facts supporting Plaintiff's claim of employment discrimination based on race, color, religion, gender, or national origin as required by Title VII of the Civil Rights Act.  Further, the Notices of Right to Sue from the Missouri Commission on Human Rights, which Plaintiff filed in support of his Complaint, provide no insight into the exact nature of the charges.  (ECF No. 1-3)  Even construing the Complaint in a light most favorable to Plaintiff, he has failed to plead "enough facts to state a claim to relief that is plausible on its face."  Twombly, 550 U.S. at 570.  Therefore, Plaintiff's Title VII claim will be dismissed for failure to state a claim under Fed. R. Civ. P. 12(b)(6).

Likewise, Plaintiff has failed to state a claim for age or disability discrimination.  Under the ADEA, it is unlawful for an employer " . . . to discharge any individual or otherwise discriminate against any individual with respect to his compensation, terms, conditions, or privileges of employment, because of such individual's age."  29 U.S.C. § 623(a)(1).  The ADA prohibits discrimination "against a qualified individual on the basis of disability in regard to job application procedures, the hiring, advancement, or discharge of employees, employee compensation, job

training, and other terms, conditions, and privileges of employment." 42 U.S.C. § 12112(a).

Here, despite the opportunity to respond out of time to the motion to dismiss, Plaintiff has failed to assert his age or his disability.  Again, the attached Right to Sue letters do not clarify the bases for Plaintiff's claims of discrimination under the ADEA or the ADA.  This failure "leaves to speculation the factual basis for his requested relief" and mandates dismissal.  Johnson v. Potter, No.  4:07CV708 RWS, 2007 WL 4218976, at *2 (E.D. Mo. Nov. 29, 2007).  Thus, the Court finds that Plaintiff has failed to plead facts to state a discrimination claim on the basis of age and disability that is plausible on its face.  Twombly, 550 U.S. at 570.  To read Plaintiff's Complaint any other way would require this Court to invent claims that Plaintiff simply did not make. Shannon, 72 F.3d at 685.

Accordingly,

**IT IS HEREBY ORDERED** that Defendants' Motion to Dismiss (ECF No. 11) is **GRANTED**.  A separate Judgment shall accompany this Memorandum and Order.

    /s/ Terry I. Adelman
UNITED STATES MAGISTRATE JUDGE

Dated this   12th    day of November, 2013.